IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| BRAD CORNELSEN, | Case No. 1:16-cv-00018-SMR-HCA |
| Plaintiff, | |
| v. | |
| MV CONTRACT TRANSPORTATION, INC. and MV TRANSPORTATION, INC., Foreign Corporations, | ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS |
| Defendants. | |

Before the Court is Defendants MV Contract Transportation, Inc. and MV Transportation, Inc.'s (collectively "Defendants") Motion to Dismiss. [ECF No. 9]. For the reasons set forth below, the Court grants in part and denies in part the motion. Plaintiff Brad Cornelsen's public-policy wrongful termination claim is dismissed with prejudice and his defamation claims are dismissed without prejudice. Plaintiff's Complaint otherwise withstands Defendants' Motion to Dismiss.

I. BACKGROUND

Plaintiff filed suit in the Iowa District Court for Pottawattamie County on April 15, 2016. [ECF No. 1-1 at 2]. Defendants removed the case to this Court on May 9, 2016. [ECF No. 1]. The Court accepts as true, as it must at this stage of litigation, all of the factual allegations in Plaintiff's Complaint. *Erickson v. Pardus*, , 551 U.S. 89, 94 (2007).

According to Plaintiff's Complaint, Defendant MV Transportation, Inc. employed Plaintiff as their Chief Financial Officer. A written employment contract governed Plaintiff's employment. Defendants terminated Plaintiff on April 18, 2014. Defendants falsely accused Plaintiff of misconduct, which has damaged Plaintiff's reputation in the business community. In actuality,

Defendants terminated Plaintiff (1) for refusing the then-Chief Executive Officer's request that he "deceptively and materially reduce the listing of a $3,000,000 claim pending against MV Transportation, Inc., on the company's books, while the sale of the Defendant company was pending"; (2) "for disclosing other incidents of corporate dishonesty"; and (3) "to deprive him of the value of stock he owns, as well as stock options and bonuses he held in the company." [ECF No. 1-1 at 3].

During the course of Plaintiff's employment, he borrowed money from Defendants to finance his purchase of Defendants' stock. The stock he purchased is held as security for the loans. Under the terms of the loans and Plaintiff's employment contract, his stock will be forfeited two years from the date of his termination for cause. Immediately upon his termination for cause, Plaintiff loses earned stock options and pending bonuses.

Plaintiff's Complaint seeks an injunction preventing Defendants from forfeiting his stock. The Complaint invokes Iowa Rule of Civil Procedure 1.1502(1), which governs temporary injunctions, and requests that a temporary injunction issue and be made permanent upon the conclusion of the case.

The same day as he filed suit in the Iowa District Court, Plaintiff obtained a Temporary Writ of Injunction without Bond preventing Defendants from forfeiting Plaintiff's stock. [ECF No. 1-1 at 16, 18]. That injunction expired fourteen days after Defendants removed the case to this Court. *See* Fed. R. Civ. P. 65(b)(2) (stating that a temporary restraining order issued without notice expires, at maximum, fourteen days after entry); *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 439–40 (1974) ("An ex parte temporary restraining order issued by a state court prior to removal remains in force after removal no longer than it would have remained in effect under state law, but in no event does the

order remain in force longer than the time limitations imposed by Rule 65(b), measured from the date of removal.").

## II. ANALYSIS

### A. *Standard of Review*

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of this requirement is to provide a defendant "with fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Adams v. Am. Family Mut. Ins. Co.*, 813 F.3d 1151, 1154 (8th Cir. 2016) (internal quotation marks omitted).

Rule 12(b)(6) authorizes motions to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (internal quotation marks omitted) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Though not a "probability requirement," the *Twombly/Iqbal* plausibility standard requires that a plaintiff show "success on the merits is more than a sheer possibility." *Braden*, 588 F.3d at 594 (internal citation and quotation marks omitted). A claim meets the plausibility standard when the court can draw from its factual allegations a reasonable inference of defendant's liability for the alleged misconduct. *Iqbal*, 556 U.S. at 678.

### B. *General Sufficiency Under Rule 8(a)(2)*

Defendants assert they "cannot discern the claims Cornelsen intends to bring" and therefore they "cannot properly defend against these claims." [ECF No. 9-1 at 5]. Defendants point out that Plaintiff's Complaint contains headings for "Count I" and Count II," but Defendants count "at

least five different alleged causes of action." [ECF No. 9-1 at 5]. These five are (1) wrongful termination in violation of public policy, (2) libel, (3) slander, (4) breach of contract, and (5) injunctive relief. [ECF No. 9-1 at 5].

While Plaintiff's Complaint is not optimally organized, it is sufficient to provide Defendants with fair notice of Plaintiff's claims. This is evident from the fact that Defendants parsed five separate claims from the Complaint, advanced substantive dismissal arguments against four of the five claims,[1] and opted not to request a more definite statement under Rule 12(e). The Court thus proceeds to consider Defendants' challenges to the individual claims.

*C. Wrongful Termination in Violation of Public Policy*

Defendants argue Plaintiff's public-policy wrongful termination claim must be dismissed because Plaintiff was not an at-will employee. [ECF No. 9-1 at 6–7]. Iowa recognizes "a narrow public-policy exception to the general rule of at-will employment." *Berry v. Liberty Holdings, Inc.*, 803 N.W.2d 106, 109 (Iowa 2011). "The public-policy exception to the at-will employment doctrine limits an employer's discretion to discharge an at-will employee when the discharge would undermine a clearly defined and well-recognized public policy of the state." *Id.* But despite describing the exception as applicable to the "general rule of at-will employment," the Iowa Supreme Court has not been faced with the question of whether the exception applies *only* to at-will employees. Other states are divided on that question. *Hagen v. Siouxland Obstetrics & Gynecology, PC*, 799 F.3d 922, 928 (8th Cir. 2015).

In *Hagen v. Siouxland Obstetrics & Gynecology, PC*, the United States Court of Appeals for the Eighth Circuit forecasted the Iowa Supreme Court's stance on the scope of the public-

---

[1] Defendants' Motion to Dismiss does not address Plaintiff's breach of contract claim.

policy exception. 799 F.3d at 928–31. The Eighth Circuit focused on the Iowa Supreme Court's justification for the public-policy exception: "'to protect those with a compelling need for protection from wrongful discharge.'" *Id.* at 929 (emphasis omitted; quoting *Dorshkind v. Oak Park Place of Dubuque II, L.L.C.*, 835 N.W.2d 293, 303 (Iowa 2013)). As the Iowa Supreme Court has explained, it adopted public-policy exception to ameliorate "the inequity of the bargaining position in a typical at-will employer-employee relationship, and the inability of employees to otherwise obtain protection." *Harvey v. Care Initiatives, Inc.*, 634 N.W.2d 681, 684 (Iowa 2001). It follows, the Eighth Circuit reasoned in *Hagen*, that when "an employee is protected from wrongful discharge by an employment contract," the bulwark of the public-policy exception is unnecessary. 799 F.3d at 929 (internal quotation marks omitted); *see also Harvey*, 634 N.W.2d at 684 (declining to extend public-policy exception to independent contractors because they "can not only negotiate the circumstances governing the termination of a contract," they also have "contract remedies to enforce all expressed or implied terms of a contract"). The Eighth Circuit acknowledged, though, that if an employment contract "allowed either party to terminate without cause," the public-policy exception would still apply. *Hagen*, 799 F.3d at 929 ("We think it likely that, presented with an employment contract having the same without-cause provision, the Supreme Court of Iowa would agree."). This is because the employee would "'not have an alternate [contract] remedy based on an allegation of wrongful discharge.'" *Id.* (alteration in original; quoting *Stiles v. Am. Gen. Life Ins. Co.*, 516 S.E.2d 449, 451 (S.C. 1999)).

Plaintiff contends he was an at-will employee and thus is entitled to raise a public-policy wrongful termination claim. He points the Court to Section 5.4 of his employment contract, which states:

> The Company's Right to Terminate At Will. Subject to the payment to Employee of the severance payments as provided in Section 5.5(b) below, the Company will have the right, exercisable at any time, to terminate Employee's employment with the Company without "Cause" (as defined in Section 5.3 above), immediately upon written notice to Employee.

[ECF No. 1-1 at 9]. Plaintiff contends that Section 5.4 means he was "an at-will employee with a contract of employment, nothing more; nothing less." [ECF No. 11-1 at 4].

But it is not Plaintiff's status as an at-will employee that is decisive; it is the protection his contract afforded him. Reading on, Section 5.5(b) of the contract provides that if Defendants terminate Plaintiff under Section 5.4, he is entitled to a severance payment equal to one year's salary.[2] The severance payment is, in essence, a contractual remedy for wrongful discharge. Applying binding Eighth Circuit law, then, the public-policy exception is inapplicable. Moreover, Plaintiff presumably was able to negotiate the termination provisions of his contract and he is able now to judicially enforce the contract. The power disparity present in typical at-will employer-employee relationships is absent here. Plaintiff consequently is not entitled to the backstop of protection offered by the public-policy exception and his public-policy wrongful termination claim is dismissed with prejudice. Because the Court dismisses the claim on this basis, it does not consider Defendants' alternative argument: that Plaintiff's "Complaint fails to identify a specific statutory scheme or statutory provision sufficient to state a claim for wrongful termination in violation of public policy." [ECF No. 9-1 at 7 (first-letter capitalization omitted)].

---

[2] Specifically, the contract states that the severance amount "shall be 365 calendar days, based on a severance amount per calendar day determined by dividing the Employee's then biweekly base salary by 14." [ECF No. 1-1 at 9].

*D. Defamation*

Plaintiff advances claims of libel and slander, but his Complaint does not provide any detail regarding the allegedly defamatory statements, who made the statements, or with whom the statements were shared. The Complaint states only "Defendants have falsely claimed misconduct on the part of the Plaintiff causing his aforesaid termination." [ECF No. 1-1 at 3].[3] Defendants complain that more detail is needed. The Court agrees. *See Asay v. Hallmark Cards, Inc.*, 594 F.2d 692, 699 (8th Cir. 1979) ("[T]he use of In haec verba pleadings on defamation charges is favored in the federal courts because generally knowledge of the exact language used is necessary to form responsive pleadings.").

The appropriate remedy is dismissal with prejudice, Defendants assert, because Plaintiff cannot cure the deficiencies of his defamation claims by amending. Defendants contend Plaintiff's defamation claims face "an insurmountable barrier: Truth is an absolute defense." [ECF No. 9-1 at 10]. Specifically, Defendants argue that any defamatory statements alleged by Plaintiff are true because Plaintiff "did engage in misconduct." [ECF No. 9-1 at 10]. Defendants ask the Court to take judicial notice of the criminal case pending against Plaintiff, wherein Plaintiff was indicted on five counts of wire fraud related to his employment. *United States v. Cornelsen*, Case No. 1:16-cr-00001-SMR-HCA-1 (S.D. Iowa 2016). They believe the criminal charges establish conclusively that Plaintiff engaged in misconduct and thus preclude Plaintiff's defamation claim.

An indictment signifies that a grand jury has determined there is probable cause to believe a crime has been committed. *Branzburg v. Hayes*, 408 U.S. 665, 686 (1972). It obviously is not

---

[3] Plaintiff states in his reply that he "has identified Defendants' claimed misconduct in terms of the defamation caused when they accused him of theft which, as noted, has resulted in federal criminal charges being brought against him." [ECF No. 11-1 at 6]. Yet there is no mention of theft accusations or criminal charges in Plaintiff's Complaint.

the final word on the allegations—that is what a trial is for—and does not preclude litigation of any fact in this case. *See Olsen v. Mukasey*, 541 F.3d 827, 831 (8th Cir. 2008) (noting that "a valid and final judgment" is a prerequisite to issue preclusion). Again, for purposes of a Rule 12(b)(6) motion, the Court accepts as true all of the factual allegations in Plaintiff's Complaint. Although Plaintiff's defamation claims are factually deficient as pleaded, the Court cannot say amendment would be futile. The Court will allow Plaintiff to amend. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."); *Asay*, 594 F.2d at 699 (reversing district court's refusal to allow amendment of defamation claim). Plaintiff's libel and slander claims are dismissed without prejudice.

### E. Injunctive Relief

Defendants urge the Court to dismiss Plaintiff's request for injunctive relief because an adequate remedy at law is available to him, in the form of calculable monetary damages. Defendants correctly point out that, in Iowa, "[a]n injunction should issue only when the party seeking it has no adequate remedy at law." *Planned Parenthood of Mid-Iowa v. Maki*, 478 N.W.2d 637, 639 (Iowa 1991). But Defendants' argument is premature. Federal Rule of Civil Procedure 8(a)(3) expressly permits alternative demands for relief and "[i]t is not generally a ground for dismissal of a complaint asserting equitable claims that the plaintiff has an adequate remedy at law." 1 James Wm. Moore, Moore's Federal Practice § 2.03[2], at 2–25 (3d ed. 1997); *see also Cunningham v. PFL Life Ins. Co.*, 42 F. Supp. 2d 872, 891–92 (N.D. Iowa 1999) (denying motion to dismiss equitable claims for this reason). The Court denies, without prejudice, Defendants' motion to dismiss Plaintiff's request for injunctive relief.

## III. CONCLUSION

Defendants MV Contract Transportation, Inc. and MV Transportation, Inc.'s Motion to Dismiss, [ECF No. 9], is GRANTED IN PART and DENIED IN PART. Plaintiff Brad Cornelsen's public-policy wrongful termination claim is dismissed with prejudice and his libel and slander claims are dismissed without prejudice. Plaintiff shall have to and including August 9, 2016 to amend his Complaint to cure the deficiencies of his libel and slander claims. Plaintiff's Complaint, [ECF No. 1-1 at 2–5], otherwise withstands Defendants' Motion to Dismiss.

IT IS SO ORDERED.

Dated this 26th day of July, 2016.

_____
STEPHANIE M. ROSE, JUDGE
UNITED STATES DISTRICT COURT